```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAVID C. BELTON,

                    Plaintiff,
                                        MEMORANDUM & ORDER
         -against-                      14-CV-4193(JS)(WDW)

SUFFOLK COUNTY POLICE HEADQUARTERS,
HOMICIDE SECTION DECTECTIVES [SIC],
7TH PRECINT [SIC] POLICE DEPARTMENT,
DETECTIVE ANGEL RIVERA, Shield
#1324/3310/1, DETECTIVE RONALD
LELI, Shield #1262/3310/1, and
DETECTIVE MICHAEL A. MAHAN,
Shield #1233/3310/1,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     David C. Belton, pro se
                   637060
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, NY 11901

For Defendants:    No appearances
```

SEYBERT, District Judge:

On July 8, 2014, incarcerated pro se plaintiff David Belton ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Suffolk County Police Headquarters ("SCPD"), unidentified "Homicide Section Dectectives [sic]" ("Homicide Detectives"), the "7TH Precint [sic] Police Department" ("7th Precinct"), Detective Angel Rivera, Shield #1324/3310/1 ("Det. Rivera"), Detective Ronald Leli, Shield #1262/3310/1 ("Det. Leli"), and Detective Michael A. Mahan, Shield #1233/3310/1 ("Det. Mahan" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's brief, handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges that Plaintiff's personal property was "confiscated in Police Headquarters" by Det. Leli, Det. Mahan, and Det. Rivera on August 13, 2013. (Compl. ¶ IV.) More specifically, Plaintiff claims that his "expensive jewelry, clothing, belt, shoes, Iphone & my wallet with my $1,127 cash, credit and debit cards as well as my licenses" were taken from him by these Detectives. (Compl. ¶ IV.) According to Plaintiff, Detective Rivera prepared and signed Plaintiff's property receipt, but did not include Plaintiff's jewelry or $1,000 of Plaintiff's cash on the receipt. (Compl. ¶ IV.) Plaintiff claims that his property has been "missing for almost 4 years" and alleges that the "Defendants listed in this complaint all conspired

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

2

together in the stealing or disappearing acts of my . . . belongings." (Compl. ¶ IV.)

Accordingly, Plaintiff seeks to have all of his property returned to him or to be "fully reimbursted [sic]" for the alleged loss of such property. (Compl. ¶ V.) Plaintiff alleges that the lost property is valued at $26,817 and seeks to recover a damages award in that sum. (Compl. ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537

F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim

4

under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). In addition, Section 1983 claims are governed by a three-year statute of limitations. See Owens v. Okure, 488 U.S. 235, 249-250, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). A Section 1983 claim accrues when the plaintiff knows or has reason to know of the harm. Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009).

A. Plaintiff's Section 1983 Claim

Although Plaintiff does not allege the specific federal right allegedly violated by the Defendant, given the nature of Plaintiff's allegations, the Court liberally construes his Complaint to allege a deprivation of property claim without due process under the Fourteenth Amendment. As a threshold matter, given that Plaintiff alleges that his claim accrued nearly four years ago, the statute of limitations would likely bar his claims.

Even assuming Plaintiff's Section 1983 claim was timely, it is subject to dismissal because a due process claim arising from a property deprivation is not cognizable under § 1983 if "'adequate

5

state post-deprivation remedies are available.'" Davis v. State of New York, 311 F. App'x 397, 400 (2d Cir. 1999) (quoting Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984)); see also Vogelfang v. Capra, 889 F. Supp. 2d 489, 509 (S.D.N.Y. 2012) ("[T]he loss of a prisoner's property whether intentional or negligent--will not support a due process claim redressable under § 1983 if adequate state post-deprivation remedies are available.") (internal quotation marks and citation omitted). "'New York in fact affords an adequate post-deprivation remedy in the form of, inter alia, a Court of Claims action' pursuant to N.Y. Comp. Codes R. & Regs. tit. 7, § 1700.3(b)(4)." Davis, 311 F. App'x at 400 (quoting Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001)); see also Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996) (affirming district court's dismissal of inmate's Section 1983 claim because "the confiscation of [plaintiff's] eye-glasses did not constitute a Fourteenth Amendment violation for loss of property because of the availability of state court post-deprivation remedies"); Love v. Coughlin, 714 F.2d 207, 208-09 (2d Cir. 1983) (finding New York's post-deprivation remedies adequate thereby precluding prisoner's due process claim for lost personal property). Accordingly, the existence of adequate post-deprivation state remedies preclude Plaintiff's due process claim under 1983.

Accordingly, Plaintiff's Section 1983 claims against the Defendants are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.

6

§§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  6 , 2014
       Central Islip, New York